[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed a four count complaint against the defendant. In Count One the plaintiff asserts a violation of constitutional rights that implicate Article First, Sections 4
and 5 of the Connecticut Constitution. Count Two asserts rights pursuant to Article First, Section 14 of the Connecticut Constitution. Count Three asserts that the plaintiff relied upon representations by the defendant as to allowing the plaintiff to have a booth at the "Hometown Fair". Count Four claims a cause of action pursuant to Conn. Gen. Stat. § 42-110 (CUTPA).
The plaintiff seeks the following relief:
 1. A temporary and permanent injunction enjoining the defendants from:
 a. prohibiting the plaintiff from full, fair and complete participation in future events such as the Crystal Mall Hometown Fair in violation of the plaintiff's freedom of speech as guaranteed by Article First, Section 4 and 5 of the Connecticut Constitution;
 b. prohibiting the plaintiff from full, fair and complete participation in future events such as the Crystal Mall Hometown Fair in violation of the plaintiff's freedom of assembly as guaranteed by Article First, Section 14 of the Connecticut Constitution.
 c. creating, developing and/or enforcing any policy, currently in effect or otherwise, which would have the effect of denying the plaintiff full, fair and complete participation in future events such as the Crystal Mall Hometown Fair.
2. Damages.
3. Costs and attorneys' fees.
 4. Such other relief as this court may deem necessary and proper.
A hearing was held on September 29, 1997 on the plaintiff's request for a temporary injunction. Testimony was presented that established that the plaintiff's responded to an advertisement CT Page 10865 dated February 6, 1997, which ad stated in part:
 At Crystal Mall we have set aside Saturday, March 1, from 9:30 a.m.-6:00 p. m. for our Hometown Fair. It's a day to take pride in our community with neighbors and experience the activities available in our own backyard. Your civic group or non-profit organization can sell crafts, baked goods, sign up new members, or simply distribute information right inside Crystal Mall at your designated location!
The fair was to be held March 1, 1997. The plaintiff submitted an entry indicating itself as United Food Commercial Workers and as to type of activity, it indicated "distribute information". Plaintiff did not identify itself as a labor organization seeking to enroll members.
On March 1, 1997, after a complaint by Filene's, the defendant asked the plaintiff to leave the Crystal Mall. There was an indication that the plaintiff was a labor organization and that the defendant felt the plaintiff was not accurate or complete in the information provided in the Exhibitor Entry Form.
The defendant appeared to have excluded the plaintiff based on the complaint by Filene's and the fact it felt that the purpose of the plaintiff was not in accordance or in harmony with the purpose of the fair as advertised. Based on all the circumstances, the court finds that the defendant did not act arbitrarily in excluding the plaintiff.
As to the issue of whether there is a likelihood of the plaintiff's ultimate success on the merits, the court refers to the case of Cologne v. Westfarms Associates, 192 Conn. 48. InCologne, the Connecticut Supreme court rejected constitutional arguments similar to those asserted by the plaintiff. The plaintiffs ask that the issues in Cologne be considered afresh. However, that is a request that should be taken up with the Connecticut Supreme Court. Since Cologne is the law in the State of Connecticut, this court cannot find that the plaintiff is likely to succeed on the constitutional issues raised.
The plaintiff has presented no evidence that the defendants plan a future fair or that one is scheduled at the Mall, therefore, even if the court were inclined to grant a temporary CT Page 10866 injunction, there is no event to which it can be attached. Also, a purpose of a temporary injunctions is to maintain the status quo, here, there is no status quo to maintain.
The court further finds that the plaintiff has not sustained its burden of proof that there is irreparable harm.
For the foregoing reasons, the plaintiff's application for a temporary injunction is hereby denied.
ROBERT F. STENGEL JUDGE, SUPERIOR COURT